UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 OCT 19  PM 1: 53
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DEBORAH ZAKALUK,

    Plaintiff,

v.

    Case No. 6:10-CV-1556-ORL-31-KRS

NATHAN A. SCHWARTZ, P.A.,

    Defendant.

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Deborah Zakaluk sues Defendant Nathan A. Schwartz, P.A. ("Defendant") and respectfully states the following for her Complaint and Jury Demand:

### PARTIES, JURISDICTION AND VENUE

1.    This is an action for actual and statutory damages brought by Plaintiff Deborah Zakaluk, an individual consumer, against Defendant Nathan A. Schwartz, P.A. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. This action also seeks to recover on a related state law cause of action for abuse of process arising from the same nucleus of operative facts forming part of the same case or controversy as under the FDCPA.

2.    Plaintiff Deborah Zakaluk is a natural person and consumer who has resided in Orange County, Florida, at all times material to this action.

3. Defendant Nathan A. Schwartz, P.A. is a law firm engaged in the business of collecting debts from consumers in this state with its principal place of business located at 2701 NW Boca Raton Blvd., Suite 204, Boca Raton, FL 33431. The principal purpose of Defendant Nathan A. Schwartz, P.A. is the collection of debts in this state, and it regularly attempts to collect debts alleged to be due to others, including through the use of the mails and other instrumentalities of interstate commerce. Defendant holds itself out as "Florida Collections Attorney" and advertises itself on its website of www.collectionsattorney.com. The very first sentence on that website confirms its status as a collections law firm: "Welcome to the home page of Nathan A. Schwartz, P.A., Florida Collections."

4. Defendant Nathan A. Schwartz, P.A. is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. As detailed herein, Defendant submitted itself to the jurisdiction of this Court as a result of one or more of the following:

    a. Operating, conducting, engaging in, or carrying on a business or business venture in the State of Florida or having an office or agency in the State of Florida; and

    b. Committing a tortious act in the State of Florida; and

    c. Engaging in substantial and not isolated activity within this state.

6. The United States District Court for the Middle District of Florida has jurisdiction over this subject matter pursuant to 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367, as it arises from the same nucleus of operative fact and forms part of the same case or controversy resulting from federal question jurisdiction.

8. Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391.

### FACTS APPLICABLE TO ALL COUNTS

9. Defendant Nathan A. Schwartz, P.A. sued Ms. Zakaluk on an alleged debt on behalf of Crescent Bank & Trust in Florida state court, and obtained a judgment against Ms. Zakaluk. That action was styled as Crescent Bank & Trust v. Zakaluk in the County Court in and for Orange County, Florida, Case No. 2010-CC-2795-O. Plaintiff does not challenge the propriety of that judgment in this action.

10. The debt at issue is a consumer debt that arose out of a deficiency judgment for a motor vehicle used primarily by Ms. Zakaluk for personal, family and household transportation. Thus, the debt at issue in this case is the obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property and services which are the subject of the transaction are primarily for personal, family and household purposes, and is thus squarely within the definition of "debt" described at 15 USC §1692a(5).

11. In collecting on that judgment, Defendant prepared, issued, utilized and served on Plaintiff's employer, Brighton Collectibles, Inc., a Continuing Post-Judgment Writ of Garnishment Against Salary or Wages ("Writ of Garnishment").

12. The standard continuing writ of garnishment provided by applicable Florida law, Fla. R. Civ. P. Form 1.907(b), provides that any garnished funds are to be retained by the Garnishee until further order of the Court.

13. Rather than using this standard writ of garnishment, Defendant inserted an additional sentence, mostly in bolded lettering, that said: "You are to pay same to Nathan A. Schwartz, P.A., P.O. Box 273664, Boca Raton, Florida 33427." That Writ of Garnishment is attached as Exhibit A. This additional sentence had the effect of requiring the Garnishee to pay over to Defendant the garnished funds even without a Court order authorizing such payment.

14. As a result of that additional, improper sentence, Ms. Zakaluk's employer withheld the garnished funds and paid them over to Defendant.

15. After being notified of the garnishment, the attorney representing Ms. Zakaluk in the state court action filed a Claim of Exemption and Request for Hearing. In that document, Ms. Zakaluk and her attorney correctly claimed that her wages were exempt from garnishment as a result of the Head of Household statutory exemption.

16. Defendant did not timely object to Ms. Zakaluk's Claim of Exemption, effectively conceding that her wages were exempt from garnishment. However, following service of that Claim of Exemption, Defendant communicated with Plaintiff even though Plaintiff was represented by an attorney at that time.

17.   As a result of Defendant's failure to timely object, the Court Clerk dissolved the Writ of Garnishment on or about September 2, 2010. However, Defendant failed to return the garnished funds to Ms. Zakaluk.

18.   After several weeks had passed without her funds still being returned to her, Ms. Zakaluk's counsel in the state court action wrote to Defendant on or about September 17, 2010, requesting an immediate return of the garnished funds that had been wrongfully taken from her. Still, Defendant failed to return the garnished funds to Ms. Zakaluk.

19.   To this day, Defendant has failed to return the garnished funds to Ms. Zakaluk, even though the writ of garnishment had been dissolved more than six weeks ago.

20.   As a direct and proximate result of Defendant's intentional actions and inactions, Ms. Zakaluk has suffered significant actual economic and non-economic damages. These include the loss of her wages, loss of interest thereon, penalties and charges imposed as a result of the inability to meet other financial obligations as a result of the withheld wages, as well as embarrassment, humiliation, anxiety, stress and other consequences of Defendant's wrongful actions and inactions.

## COUNT I: VIOLATION OF THE FDCPA

21.   Defendant violated the Fair Debt Collection Practices Act in the following particulars:

5

a. Retaining Ms. Zakaluk's garnished wages despite the writ of garnishment having been dissolved, and despite a subsequent demand for return of the funds from Ms. Zakaluk's attorney in that action, the natural consequence of which was to harass, oppress and abuse Plaintiff in violation of 15 USC § 1692d.

b. Using false, deceptive and misleading representation or means in collection of the underlying debt by inclusion of the unauthorized sentence in the continuing writ of garnishment requiring payment of Ms. Zakaluk's garnished wages to Defendant prior to a Court order releasing those wages to Defendant, in violation of 15 USC §1692e.

c. Making a false representation as to the legal status of the garnished wages portion of the debt by inclusion of the unauthorized sentence in the continuing writ of garnishment requiring payment of Ms. Zakaluk's garnished wages to Defendant prior to a Court order releasing those wages to Defendant, in violation of 15 USC §1692e(2)(A).

d. Threatening to take, actually taking, Ms. Zakaluk's garnished wages prior to a Court order releasing those wages to Defendant when such action cannot legally be taken, and refusing to refund those wages, in violation of 15 USC §1692e(5).

e. Using and distributing a written communication which creates a false impression as to its source, authorization and approval, through issuance of the Writ of Garnishment containing language purporting to

be authorized by Florida law when it was not so authorized, in violation of 15 USC §1692e(9).

f. Using a false representation and deceptive means to collect and attempt to collect a debt by inclusion of the unauthorized sentence in the continuing writ of garnishment requiring payment of Ms. Zakaluk's garnished wages to Defendant prior to a Court order releasing those wages to Defendant, in violation of 15 USC §1692e(10).

g. Using unfair or unconscionable means to collect and attempt to collect the debt by requiring Ms. Zakaluk's employer to pay her garnished wages to Defendant prior to a Court order releasing those wages to Defendant when this was not expressly authorized by the agreement creating the debt and was not permitted by law, and in refusing to refund those wages, in violation of 15 USC §1692f and §1692f(1).

h. Communicated with Plaintiff after receiving the Claim of Exemption even though the Defendant knew Ms. Zakaluk was then represented by an attorney with respect to such debt, when the attorney did not fail to respond timely and did not consent to direct contact with Ms. Zakaluk, in violation of 15 USC §1692c(a)(2).

22. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, costs and attorney fees.

## COUNT II:  ABUSE OF PROCESS

23. On or about July 26, 2010, Defendant caused a Writ of Garnishment to issue in an action styled as Crescent Bank & Trust v. Zakaluk (Brighton Collectibles, Inc. – Garnishee) in the County Court in and for Orange County, Florida, Case No. 2010-CC-2795-O.

24. The Writ of Garnishment was filed in an attempt by Defendant to deprive Plaintiff of the possession of the wages to which she was legally entitled. The sole purpose for the issuance of that Writ of Garnishment was to seize Plaintiff's wages before that Court could rule on the propriety of Plaintiff's Claim of Exemption from garnishment.

25. Defendant knew that the inclusion of the additional sentence compelling the Garnishee to pay over the funds seized from Ms. Zakaluk to Defendant was improper under applicable law.

26. The improper Writ of Garnishment was procured maliciously and willfully, and the use of the writ for the purposes alleged herein was for a wrongful and unlawful object and an ulterior purpose not intended by law.

27. As a direct and proximate result of Defendant's abuse of process, Plaintiff suffered the wrongful seizure of her wages, incidental and consequential damages associated with the loss of her funds, other economic and non-economic damages, as well as damage to her personal and financial reputation in the community.

28. Defendant's actions and inactions were so malicious and deliberately oppressive as to rise to the level justifying punitive damages. Defendant

engaged in intentional misconduct: it had actual knowledge of the wrongfulness of its conduct and the high probability that damage to Ms. Zakaluk would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury and damage to Ms. Zakaluk. Defendant's conduct was also grossly negligent and so reckless or wanting in care that it constituted a conscious disregard and indifference to the rights of Ms. Zakaluk.

29. As a result of its abuse of process, Defendant is liable to Plaintiff for her actual damages (economic and non-economic), punitive damages, costs and attorney fees.

## PRAYER FOR RELIEF

30. Plaintiff respectfully prays that judgment be entered against Defendant for the following relief:

   a. An award of all available damages, including but not limited to all actual damages, consequential damages, and incidental damages; and

   b. Statutory damages pursuant to 15 U.S.C. § 1692k; and

   c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

   d. Punitive damages; and

   e. Any other legal or equitable relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

_10/18/10_
Date

_/s/ Taras S. Rudnitsky_
Taras S. Rudnitsky, Esq.
Florida Bar No. 711977
Rudnitsky Law Firm
145 Middle Street, Suite 1111
Lake Mary, FL 32746
Phone: (407) 323-4949
Fax: (407) 323-4955
Taras@HelpingFloridaConsumers.com